5. As it is actionable to discharge rain water from the roof of one person's house upon the land of another, and as it is actionable for a city to discharge surface water into the cellar of a house by means of a defective sewer, there can be nothing in the nature of rain or surface water which prevents injuries caused by them from being actionable. *Emery* v. *Lowell*, 109 Mass. 197.

6. The plaintiff has not in any way legally contributed to the injury for which damages are claimed, as he had a right to build his house where he did, and as he did. *Gannon* v. *Hargadon*, 10 Allen, 106. *Bates* v. *Smith*, 100 Mass. 181. *Swett* v. *Cutts*, 50 N. H. 439. Ordinances of Boston, 1870–1874, p. 13, § 6.

*J. A. Maxwell*, for the defendant, was not called upon.

BY THE COURT. The facts agreed show merely that the defendant did not prevent surface water from accumulating upon his own land and thence flowing upon the land of the plaintiff. This gave the plaintiff no cause of action. *Gannon* v. *Hargadon*, 10 Allen, 106. *Bates* v. *Smith*, 100 Mass. 181.

*Exceptions overruled.*

---

EDWARD W. HOOPER, petitioner.

Suffolk.   March 22, 1876.   DEVENS & LORD, JJ., absent.

The guardian of an insane person may be authorized, under the Gen. Sts. c. 109, § 22, to invest all the property of the ward in the purchase of an annuity upon his life.

PETITION by Edward W. Hooper, setting forth that he was the duly appointed guardian of Jane M. Bacon, a widow and an insane person; that her property consisted solely of money deposits to the amount of $4394.65, besides wearing apparel and similar personal effects, and was subject to certain debts; that the income of her property was wholly insufficient for her comfortable maintenance; that she had no issue living, but had two brothers and a sister said to be living at various designated places out of the Commonwealth; that the property might be more advantageously used for the ward in the purchase of an

annuity than in any other way, and could in no other way be made to afford her a sufficient and certain support, and prayed for the authorization of the court, under the Gen. Sts. *c.* 109, § 22, for the investment of the whole of the ward's property in an annuity on her life.

Upon this petition, notice was ordered by mailing to the brothers and sister of the ward copies of the abstract of the petition and of the order thereon, and by publication thereof.

Upon the hearing upon the petition, by *Devens,* J., he found that the notices ordered had been given; that it would be for the interest of the ward that the money should be expended in the manner prayed for in the petition; and reserved for the opinion of the full court the question whether an order to that effect could properly be made.

*J. C. Ropes,* for the petitioner, cited *Kendall* v. *May,* 10 Allen, 59, 66; *May* v. *May,* 109 Mass. 252, 256; *Ex parte Chumley,* 1 Ves. Jr. 296; *Ex parte Dikes,* 8 Ves. 79; *Ex parte Hastings,* 14 Ves. 182; *Ex parte Stonard,* 18 Ves. 284; *Davies* v. *Davies,* 2 De G., M. & G. 51; *In re Dodsworth,* 10 Hare, 16; *In re Ward,* 29 L. J. (N. S.) Ch. 784; *In re Persse,* 3 Molloy, 94; Shelford on Lunacy, 199.

No counsel appeared to oppose the petition.

THE COURT, under the Gen. Sts. *c.* 109, § 22, made the

*Order prayed for.*

---

WILLIAM W. BURRAGE, administrator, *vs.* FRANCIS D. BRIGGS & others.

Suffolk. March 27, 1876. DEVENS & LORD, JJ., absent.

A testatrix, by her will, bequeathed property in trust, the income to be paid to her adopted daughter for life, remainder to her children, if any, in fee, and, in case of her death without issue, to the residuary legatee under the will, and, by another clause in the will, gave and bequeathed to her brother all the rest, residue and remainder of her property and estate, "to be taken, held and enjoyed by him and his heirs forever, in fee simple." The brother died five years before the testatrix, leaving no issue, but leaving brothers and sisters. *Held,* that the residuary bequest went to the adopted daughter.